**UNITED STATES of America,**
**Appellee,**

v.

**Isaac A. TAFT, Appellant.**

**No. 14870.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 8, 1971.

Decided Feb. 19, 1971.

---

Jerry S. Alvis, Raleigh, N. C. (Court-appointed) for appellant.

David W. Long, Asst. U. S. Atty. (Warren H. Coolidge, U. S. Atty., on brief) for appellee.

Before BOREMAN, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Isaac A. Taft pleaded guilty to each of three counts of possession of distilled spirits lacking tax stamps in violation of 26 U.S.C.A. § 5604(a) (1). After failing to perfect a notice of appeal, Taft moved under Rule 32(d), F.R.Crim.P., for leave to withdraw his pleas and under Rule 33, F.R.Crim.P., for a new trial on the ground of newly discovered evidence. The motions were denied and this appeal ensued. We affirm the district court.

The motion to withdraw the plea was grounded on three contentions (1) that the district judge failed to advise Taft clearly that he could be sentenced to five years on each count to which he pleaded guilty, (2) that Taft's admission of guilt of the acts charged in each count was equivocal, and (3) that his privately retained counsel at trial was not effective. Even if we construe the district judge's advice about sentence as capable of being understood by Taft to mean the aggregate sentences on all three counts, the fact is that Taft was sentenced to one hundred days (service of a portion of which was suspended) and five years probation on count one and five years probation on each of counts two and three *concurrent* with the probation on count one. Since the district judge did not exceed the advice he had given, even under the most restrictive interpretation of his remarks, we cannot say that Taft's plea was involuntary or that manifest injustice would require it to be stricken.

Nor do we think that Taft's admissions of guilt were so equivocal that he is entitled to post conviction relief. At most, Taft could not be certain of the accuracy of the dates alleged in the several counts of the indictment. He freely admitted the acts alleged and that he possessed the untaxed distilled spirits together with the codefendant named. In addition to the pleas, evidence was adduced to show that Taft committed the acts on the dates alleged. *Cf.* North Carolina v. Alford, 400 U.S. 25, 9 S.Ct. 160, 27 L.Ed.2d 162 (1970).

In this record we find lacking evidence and allegations to show that counsel was incompetent or ineffective. When interrogated by the district judge at sentencing, Taft expressed satisfaction with his attorney's services.

The newly discovered evidence asserted as a reason for granting the motion for a new trial is evidence of entrapment in that the distilled spirits which Taft was prosecuted for possessing were delivered to him by an undercover government agent whose identity as an agent was later discovered. We fail to understand how the identity could not have been disclosed when the agent testified prior to sentencing, or how the defense would survive the judicial confession of guilt; but in any event, we think the proffered evidence falls short of establishing that an otherwise inno-

cent person was induced to commit a crime by the government's implanting a criminal disposition not otherwise present. United States v. DeVore, 423 F.2d 1069, 1070–71 (4 Cir. 1970). Denial of the motion was proper.

Affirmed.